WATERS *v.* EDWARDS.

4-5234                                    121 S. W. 2d 79

Opinion delivered November 7, 1938.

*Ned Stewart* and *Paul Jones, Jr.*, for appellant.

*L. B. Smead,* for appellee.

DONHAM, J. On October 12, 1937, John Waters, appellant, executed a so-called "mineral deed," wherein, for the consideration of $150, he conveyed to H. M. Edwards, one of the appellees, his undivided one-fourth heir's part and interest in and to all of the oil, gas and other minerals in, under and upon a certain eighty-acre tract of land, lying in the counties of Columbia and Lafayette, Arkansas. Said conveyance was made expressly subject to "any valid lease of record on said lands," a certain oil and gas one-eighth royalty lease being in effect at the time. In said instrument there was a further grant unto said Edwards, his heirs and assigns of "the right to collect and receive under the aforesaid lease such undivided one-fourth (¼) part and interest of all oil royalties and gas rentals due me or that may become due me under the aforementioned lease."

On or about October 30, 1937, H. M. Edwards and Clyde Whaley, to whom Edwards had conveyed a part interest in the mineral fee and royalties, filed suit in the Columbia chancery court, wherein they sought to have the court construe the deed from Waters to Edwards as conveying an undivided one-fourth interest in the mineral fee and an undivided one-fourth interest in all oil royalties and gas rentals due or that may become due under any valid lease upon said land. In the alternative, appellees prayed that, should the court not so construe the deed, then it reform the deed to recite such conveyance, and that their several interests in the property be set out. Further, they prayed that a certain notice recorded by Jarrel B. Jackson be canceled as a cloud upon their title, and that any right, title or interest of Jackson be declared inferior to the rights of appellees. This notice consisted of a series of telegrams purporting to show an ac-

ceptance by Waters of an offer by Jackson to purchase ten "royalty acres" for the sum of $1,000, the telegrams being dated from October 13 to 16, 1937, inclusive.

Appellant filed answer, alleging the grant to Edwards of an undivided one-fourth, not of the entire royalty, but of such part thereof as may become due to grantor. He also filed a cross-complaint, wherein he prayed that the mineral deed from Edwards to Whaley be canceled in that it purported to convey an interest in excess of that sold by appellant and, therefore, constituted a cloud upon his title.

The decree of the court construed the deed according to the contention of appellees, and as conveying appellant's entire interest in both the mineral fee and the royalty interest; it set out the rights of appellees in the property; and it canceled and set aside the Jackson notice and removed the cloud thereof from appellees' title.

Appellant contends "(1) that the decree should be reversed because the deed construed by the chancellor was plain and unambiguous and was not the proper subject of construction, and that the construction placed thereon by the chancellor was clearly erroneous and contradictory of the terms of the instrument, and (2) the record herein does not present a proper case for reformation, inasmuch as there appears no mutual mistake of the parties, or mistake of one party accompanied by fraud or other inequitable conduct of the other party."

Appellees contend that the deed of conveyance from Waters to Edwards is not ambiguous, and "that a fair consideration of the whole deed shows a conveyance of one-fourth of the minerals, subject to the lease, and one-fourth of the royalty provided by the lease, and that no other construction can reasonably be placed upon it." Appellees further contend that "it is clearly shown by the evidence that the agreement was that that interest should be purchased and certainly, under this situation, the appellees would be entitled to reformation of the deed in accordance with the agreement of the parties."

The deed from Waters to Edwards contains two granting clauses—the one with reference to the oil, gas and other minerals in, under and upon the lands, and

the other with reference to the oil royalties and gas rentals conveyed to the grantee. The first clause is as follows:

"Do hereby grant, bargain, sell and convey unto the said H. M. Edwards, and unto his heirs and assigns forever, an undivided one-fourth interest in and to all of the oil, gas and other minerals in, under and upon the following described lands lying within the county of Columbia and Lafayette, and state of Arkansas, to-wit: (Here the lands are described). Subject, however, to a certain oil, gas and mineral lease executed by..............................
on the...........day of.............................., 193....., unto any valid lease of record on said lands, which lease is recorded in record book No..........., at page..........., in the office of the clerk and recorder of...............................................County, Arkansas."

The second clause, or that with reference to the royalty interest conveyed, is as follows:

"Do hereby grant and convey unto the said H. M. Edwards, and unto his heirs and assigns, the right to collect and receive under the aforesaid lease such undivided one-fourth ($\frac{1}{4}$) part and interest of all oil royalties and gas rentals due me under the aforementioned lease."

In construing this lease, we adopt the view of the trial court. The lease appears to us to be unambiguous. The trial court held:

"That at the time of the execution and delivery of said deed the said John Waters was the owner in fee simple of an undivided one-fourth interest in that part of said land described as follows, to-wit:

"The southeast quarter of southeast quarter and the east half of the northeast quarter of southwest quarter of section 7, township 16 south, range 22 west; and that he was at said time the owner in fee simple of an undivided one-eighth interest in that part of said land described as follows, to-wit:

"The west half of the northeast quarter of southwest quarter of section 7, township 16 south, range 22 west;

"That the said deed executed by the defendant, John Waters, to the plaintiff, H. M. Edwards, was made subject to an oil and gas lease in effect upon said land, but

covered and included an undivided one-fourth interest in all royalties and rentals accruing under or provided by said oil and gas lease.''

The parties to this litigation regard the first granting clause in the deed as clear and unambiguous and do not differ as to its meaning. Each asserts that the second granting clause is clear and unambiguous; but the appellant claims that a proper construction of this clause gives the grantee, Edwards, the right to collect and receive only one-fourth of the royalties and gas rentals due the grantor, Waters, under the lease mentioned in the deed; whereas, the appellees contend that this clause gives the grantee, Edwards, the right to collect and receive the entire one-fourth interest of the appellant in all royalties and gas rentals due or to become due under said lease. We hold that this second granting clause, conveying the royalty interest of the grantor under said lease, means the same as if it read:

''Do hereby grant and convey unto the said H. M. Edwards, and unto his heirs and assigns, the right to collect and receive under the aforesaid lease, such undivided one-fourth part and interest of all oil royalties and gas rentals, same being the part due me under the afore-mentioned lease.''

We do not believe that the words of this second granting clause admit of two interpretations. ''Such undivided one-fourth part and interest,'' as used in this clause, evidently means the same undivided one-fourth part and interest accruing to appellant under the lease in question.

No error appearing, the decree of the court is affirmed.